MATTHEW D. MURPHEY (SBN: 194111)
MARC A. HOLMQUIST (SBN: 258406)
GORDON & REES LLP
4675 MacArthur Court, Suite 800
Newport Beach, California 92660
Telephone: (949) 255-6950
Facsimile: (949) 474-2060
Email: mmurphey@gordonrees.com
Email: mholmquist@gordonrees.com

KIMBERLY D. HOWATT (SBN: 196921)
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
Email: khowatt@gordonrees.com

Attorneys For Plaintiff,
SEIRUS INNOVATIVE ACCESSORIES, INC.

FILED
09 OCT 14 PM 12:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,

Plaintiff,

v.

BALBOA MANUFACTURING COMPANY, LLC, a California Limited Liability Company,

Defendant.

Case No. '09 CV 2274 JAH WMc

**COMPLAINT FOR:**

1. **PATENT INFRINGEMENT**
2. **INDUCING PATENT INFRINGEMENT**
3. **FEDERAL TRADE DRESS INFRINGEMENT [15 U.S.C. § 1125(a)]**
4. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)]**
5. **FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)]**
6. **STATE UNFAIR COMPETITION [Cal. Bus. & Prof. Code § 17200 *et seq.*]**
7. **DECLARATORY RELIEF FOR PATENT INVALIDITY**

**DEMAND FOR JURY TRIAL**



Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

For its claims against defendant BALBOA MANUFACTURING COMPANY LLC ("DEFENDANT"), plaintiff SEIRUS INNOVATIVE ACCESSORIES, INC. ("SEIRUS"), hereby alleges as follows:

**PARTIES**

1. SEIRUS is a Utah corporation with its principal place of business at 13975 Danielson Street, Poway, California 92064. SEIRUS is engaged in the business of selling men's, women's, and children's action and outdoor apparel and accessories, including face masks.

2. Upon information and belief, BALBOA MANUFACTURING COMPANY, LLC ("DEFENDANT") is a California Limited Liability Company with a principal place of business at 12220 Pkwy Center Drive, Suite B, Poway, California, 92064. Upon information and belief, DEFENDANT is the owner and operator of the brand name ZANheadgear, and is engaged in the business of selling men's, women's, and children's action and outdoor apparel and accessories, including cold weather head gear and face masks.

**JURISDICTION AND VENUE**

3. This civil action for infringement, unfair competition, and declaratory relief arises under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, under 28 U.S.C. §§ 2201-2202, and under California state law governing unfair competition, specifically California Business and Professions Code § 17200 *et seq.*.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Upon information and belief, DEFENDANT has either directly or through its agents transacted business in the State of California and within this judicial district, and expected or reasonably should have expected its acts to have consequence in the State of California and within this judicial district, thus subjecting DEFENDANT to the personal jurisdiction of this Court.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) as DEFENDANT is doing business in this judicial district and therefore may be found in this

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

district, and/or a substantial part of the events giving rise to the claims alleged herein occurred within this district.

**FACTS COMMON TO ALL CLAIMS**

**(A) DEFENDANT'S INFRINGEMENT OF SEIRUS' PATENTS**

7. SEIRUS is the owner of United States Letters Patent No. 5,214,804 (the "'804 PATENT") which issued on June 1, 1993 and is titled "PROTECTIVE MASK WITH SCARF," and United States Letters Patent No. 6,272,690 (the "'690 PATENT") which issued on August 14, 2001 and is titled "HEAD COVERING."

8. DEFENDANT is offering for sale and, upon information and belief, has sold in this judicial district and elsewhere throughout the United States, the following products or lines of products, that fall within the scope of at least one claim of the '804 PATENT: ZANHEADGEAR NEODANNA, ZANHEADGEAR COOLMAX BALACLAVA, ZANHEADGEAR FLEECE BALACLAVA WITH DICKIE, ZANHEADGEAR FLEECE FACE MASK WITH MESH MOUTH ("'804 PATENT ACCUSED PRODUCTS").

9. DEFENDANT is also offering for sale and, upon information belief, has sold in this judicial district and elsewhere throughout the United States, the following products or lines of products, that fall within the scope of at least one claim of the '690 PATENT: ZANHEADGEAR COOLMAX BALACLAVA, ZANHEADGEAR FLEECE BALACLAVA WITH DICKIE. ("'690 PATENT ACCUSED PRODUCTS").

**(B) DEFENDANT'S INFRINGEMENT OF SEIRUS' TRADE DRESS IN PRODUCTS AND PACKAGING**

**(i) SEIRUS' PRODUCT TRADE DRESS**

10. By virtue of the extensive use, sale and advertising by SEIRUS and others on behalf of SEIRUS, the shape, form and appearance of SEIRUS products (hereinafter the "SEIRUS PRODUCT TRADE DRESS"), are inherently distinctive and have acquired distinctiveness and secondary meaning to signify SEIRUS as the manufacturer and the source of these goods.

///

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

**(ii) SEIRUS' PACKAGING TRADE DRESS**

11. By virtue of the extensive use, sale and advertising by SEIRUS and others on behalf of SEIRUS, the shape, form and appearance in use of the packaging of SEIRUS products (hereinafter the "SEIRUS PACKAGING TRADE DRESS"), has acquired secondary meaning in the market for cold-weather headgear.

12. DEFENDANT is offering for sale and, upon information and belief, has sold in this judicial district and elsewhere throughout the United States, the following products, that copy, imitate, palm off as, and pass off their products as members of the family of products that contain the SEIRUS PRODUCT TRADE DRESS and SEIRUS PACKAGING TRADE DRESS: ZANHEADGEAR NEODANNA, ZANHEADGEAR COOLMAX BALACLAVA, ZANHEADGEAR FLEECE BALACLAVA WITH DICKIE, ZANHEADGEAR FLEECE FACE MASK WITH MESH MOUTH (the "ACCUSED TRADE DRESS PRODUCTS").

**(C) THE INVALIDITY OF DEFENDANT'S PATENT NO. D566,339**

13. Upon information and belief, DEFENDANT is the assignee and owner of United States Design Patent No. D566,339, entitled "Combined Nose and Mouth Guard" (the "'339 PATENT"). The application (No. 29/278,839) for the '339 PATENT was filed on or about April 11, 2007, and the patent issued on or about April 8, 2008. However, the invention in the '339 PATENT was known or used by others prior to the invention thereof by the applicant for the '339 PATENT. The Claim of the '339 PATENT is invalid for failure to satisfy the statutory criteria for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and 171.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
**(Patent Infringement)**

14. SEIRUS refers to, re-alleges, and incorporates herein by this reference, each and every allegation in the foregoing paragraphs, as though fully set forth herein.

15. As alleged herein, DEFENDANT is infringing at least one claim of the '804 and/or '690 PATENTS literally and/or under the doctrine of equivalents.

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

16. As a direct and proximate result of DEFENDANT'S infringement of the '804 and/or '690 PATENTS, SEIRUS has been damaged in an amount to be proved at trial, but in an amount not less than a reasonable royalty, and includes lost sales, and/or lost profits.

17. Based upon its prior knowledge of SEIRUS' patent rights, and other facts to be proved at trial, DEFENDANT knows and has known of its infringement of the '804 and/or '690 PATENTS. Based on these facts and those to be proved at trial, DEFENDANT'S infringement is willful and done with intentional disregard of SEIRUS' rights in the '804 and/or '690 PATENTS, so as to render this case exceptional within the purview of 35 U.S.C. §§ 284, and 285, such that SEIRUS is entitled to enhanced damages, costs, and an award of attorneys' fees.

18. SEIRUS has been and continues to be damaged by the unlawful infringing activities of DEFENDANT and will be irreparably harmed unless the unlawful infringing activities are preliminarily and permanently enjoined by this Court as provided by 35 U.S.C. § 283.

**SECOND CLAIM FOR RELIEF**
**(Inducing Patent Infringement)**

19. SEIRUS refers to, re-alleges, and incorporates herein by this reference, each and every allegation in the foregoing paragraphs, as though fully set forth herein.

20. Upon information and belief, DEFENDANT has been and is now unlawfully inducing others to infringe and/or contributorily infringe, literally or under the doctrine of equivalents, the claim of the '804 and/or '690 PATENTS by using, offering to sell, advertising for sale and selling DEFENDANT'S products in this judicial district and throughout the United States as follows: ZANHEADGEAR NEODANNA, ZANHEADGEAR COOLMAX BALACLAVA, ZANHEADGEAR FLEECE BALACLAVA WITH DICKIE, ZANHEADGEAR FLEECE FACE MASK WITH MESH MOUTH.

21. SEIRUS is marking its products that fall within the scope of the '804 and '690 PATENTS as required by 35 U.S.C. § 287; DEFENDANT has otherwise had knowledge and notice of the '804 and/or '690 PATENTS and its activities constitute knowing and willful patent infringement. SEIRUS has been and continues to be damaged by the unlawful infringing activities of DEFENDANT and will be irreparably harmed unless the unlawful infringing

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

activities are preliminarily and permanently enjoined by this Court as provided by 35 U.S.C. § 271(b).

22. Upon information and belief, SEIRUS has suffered and continues to suffer lost sales and in turn damages as a direct result of the unlawful infringement of the '804 and/or '690 PATENTS by DEFENDANT. Under 35 U.S.C. § 284, SEIRUS is entitled to damages to be established at trial or upon an accounting adequate to compensate for the infringement, including lost profits, but not less than a reasonable royalty.

23. Upon information and belief, DEFENDANT'S infringement of the '804 and '690 PATENTS is willful and done with an intent to harm SEIRUS or in reckless disregard for the rights of SEIRUS. Therefore, this is an exceptional case and SEIRUS is entitled to enhanced damages under 35 U.S.C. § 284.

24. This is an exceptional case under 35 U.S.C. § 285 entitling SEIRUS to its reasonable attorneys' fees.

25. SEIRUS has been and continues to be damaged by the unlawful infringing activities of the DEFENDANT and will be irreparably harmed unless the unlawful infringing activities are preliminarily and permanently enjoined by this Court as provided by 35 U.S.C. § 283.

**THIRD CLAIM FOR RELIEF**
**(Federal Trade Dress Infringement)**
**[15 U.S.C. § 1125(a)]**

26. SEIRUS refers to, re-alleges, and incorporates herein by this reference, each and every allegation in the foregoing paragraphs, as though fully set forth herein.

27. DEFENDANT'S actions in connection with the sale, offering for sale, distribution or advertising of the ACCUSED TRADE DRESS PRODUCTS in interstate commerce, without the consent of SEIRUS, constitute willful, deliberate and intentional infringement of the SEIRUS PACKAGING TRADE DRESS and SEIRUS PRODUCT TRADE DRESS, and have caused and continue to cause a likelihood of confusion, in violation of 15 U.S.C. § 1125.

28. By reason of the foregoing, SEIRUS has been injured in an amount to be proven. In addition, as a result of DEFENDANT'S unlawful acts, SEIRUS has suffered and will continue

to suffer irreparable harm, and SEIRUS has no adequate remedy at law with respect to this injury. Unless the acts of trademark infringement are enjoined by this Court, SEIRUS will continue to suffer a risk of irreparable harm. DEFENDANT'S actions have been knowing, intentional, wanton, and willful, entitling SEIRUS to damages, treble damages, profits, attorneys' fees, statutory damages, and the costs of this action.

**FOURTH CLAIM FOR RELIEF**
**False Designation of Origin**
**[15 U.S.C. § 1125(a)]**

29. SEIRUS refers to, re-alleges, and incorporates herein by this reference, each and every allegation in the foregoing paragraphs, as though fully set forth herein.

30. DEFENDANT'S actions in connection with the sale, offering for sale, distribution or advertising of the ACCUSED TRADE DRESS PRODUCTS in interstate commerce, without SEIRUS' consent, is a false designation of origin, and have caused and continue to cause a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public.

31. DEFENDANT'S false designation of origin is in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1).

32. By reason of the foregoing, SEIRUS has been injured in an amount not yet fully determined, but believed to be in excess of $75,000. In addition, as a result of DEFENDANT'S acts of infringement, SEIRUS has suffered and will continue to suffer irreparable harm, and SEIRUS has no adequate remedy at law with respect to this injury. Unless DEFENDANT'S acts of infringement are further enjoined by this Court, SEIRUS will continue to suffer a risk of irreparable harm.

33. DEFENDANT'S actions have been knowing, intentional, wanton, and willful, entitling SEIRUS to damages, treble damages, profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117 in this Court's discretion.

///

///

///

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

**FIFTH CLAIM FOR RELIEF**
**(Unfair Competition)**
**[15 U.S.C. § 1125(a)(1)]**

34. SEIRUS refers to, re-alleges, and incorporates herein by this reference, each and every allegation in the foregoing paragraphs, as though fully set forth herein.

35. SEIRUS manufactures and sells products and lines of products, and by virtue of the extensive, use, sale and advertising by SEIRUS, the associated SEIRUS PRODUCT TRADE DRESS and SEIRUS PACKAGING TRADE DRESS have become inherently distinctive and have acquired distinctiveness, secondary meaning, and sufficient fame to signify SEIRUS as the manufacturer and source of said products and lines of products.

36. Upon information and belief, DEFENDANT has unlawfully and without license or right, copied, imitated, and otherwise created a collection of products and lines of products including the ACCUSED TRADE DRESS PRODUCTS, all of which emulate, imitate, palm off as, pass off as and copy the SEIRUS PRODUCT TRADE DRESS and SEIRUS PACKAGING TRADE DRESS to thereby emulate, imitate, palm off as, and pass off its products as SEIRUS products.

37. The activities of DEFENDANT in advertising, selling and offering to sell each of the ACCUSED TRADE DRESS PRODUCTS, separately and together, is likely to cause confusion, mistake, and deception as to the source and origin thereof so that purchasers thereof and others will likely be confused and believe the ACCUSED TRADE DRESS PRODUCTS emanate from SEIRUS. In turn, DEFENDANT is unfairly competing and misrepresenting their products to be those of SEIRUS in violation of 15 U.S.C. § 1125(a).

38. The activities of DEFENDANT in advertising for sale, offering for sale, and selling the ACCUSED TRADE DRESS PRODUCTS constitute unlawful and tortious unfair competition, palming off and passing off, and misrepresentation as to the source of goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

39. SEIRUS believes it has suffered and continues to suffer lost sales and, in turn, damages as a direct result of the unlawful and unfair competition of DEFENDANT. Under 15 U.S.C. § 1117, SEIRUS is entitled to damages, including lost profits and the costs of this action,

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

to be shown at trial or upon an accounting.

40. On information and belief, DEFENDANT'S unfair competition in violation of 15 U.S.C. § 1125(a)(1) is willful and done with an intent to harm SEIRUS or in reckless disregard for the rights of SEIRUS such that SEIRUS is entitled to triple damages under 15 U.S.C. § 1117(b).

41. Under 15 U.S.C. § 1117(b), this is an exceptional case and SEIRUS is entitled to recover its attorneys' fees.

42. SEIRUS has been and continues to be damaged by the unlawful unfair competition of DEFENDANT and will be irreparably harmed unless the unlawful infringing activities are permanently enjoined by this Court under the provisions of 15 U.S.C. § 1116. SEIRUS is entitled to an injunction enjoining and restraining DEFENDANT from further acts of unfair competition.

**SIXTH CLAIM FOR RELIEF**
**Unfair Competition**
**[Cal. Bus. & Prof. Code § 17200 *et seq.*]**

43. SEIRUS refers to, re-alleges, and incorporates herein by this reference, each and every allegation in the foregoing paragraphs, as though fully set forth herein.

44. California Business & Professions Code § 17200 *et seq.* provides that unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

45. By and through DEFENDANT'S conduct, including the conduct detailed above, DEFENDANT has engaged in activities that constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code § 17200 *et seq.*

46. DEFENDANT'S acts of intentional and willful trade dress infringement as alleged above constitute unfair competition actionable under the laws of the State of California as unlawful business acts or practices in that, *inter alia*, said acts violate the federal Lanham Act. Specifically, and without limitation, DEFENDANT'S actions of designing, manufacturing, packaging, selling, distributing, and/or offering for sale in interstate commerce products bearing the SEIRUS PRODUCT TRADE DRESS and SEIRUS PACKAGING TRADE DRESS, without

consent of SEIRUS, have caused and continue to cause a likelihood of confusion, mistake, and deception in the minds of the public. Furthermore, said actions have a significant negative impact on the commercial value of and market for SEIRUS' products under the SEIRUS PRODUCT TRADE DRESS and SEIRUS PACKAGING TRADE DRESS, as well as the value of and market for other products bearing the SEIRUS name.

47. DEFENDANT'S acts of infringement as alleged above constitute unfair competition actionable under the laws of the State of California as fraudulent business acts or practices, in that, *inter alia*, said acts are likely to confuse the public as to the origin of the products.

48. DEFENDANT'S acts of infringement as alleged above constitute unfair competition actionable under the laws of the State of California as deceptive and false advertising, in that, *inter alia*, said acts are likely to cause confusion, mistake, and deception.

49. Such acts and omissions described above are unlawful, unfair, fraudulent, deceptive, misleading, and untrue and constitute a violation of Business & Professions Code §17200 *et seq*. SEIRUS reserves the right to identify additional violations by DEFENDANT as may be established through discovery.

50. As a result of DEFENDANT'S said acts of unfair competition, SEIRUS has suffered and will continue to suffer irreparable harm, and SEIRUS has no adequate remedy at law with respect to this injury. Unless the acts of unfair competition are enjoined by this Court, SEIRUS will continue to suffer irreparable harm.

51. As a direct and legal result of DEFENDANT'S unlawful, unfair, and fraudulent conduct described above, DEFENDANT has been and will continue to be unjustly enriched with ill-gotten gains.

**SEVENTH CLAIM FOR RELIEF**
**(Declaratory Relief for Invalidity of Patent)**

52. Upon information and belief, DEFENDANT is the assignee and owner of United States Design Patent No. D566,339, entitled "Combined Nose and Mouth Guard" (the "'339 PATENT").




Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

53. The application (No. 29/278,839) for the '339 PATENT was filed on or about April 11, 2007, and the patent issued on or about April 8, 2008. However, the invention in the '339 PATENT was known or used by others prior to the invention thereof by the applicant for the '339 PATENT. The Claim of the '339 PATENT is invalid for failure to satisfy the statutory criteria for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and 171.

54. SEIRUS' '804 PATENT was issued on June 1, 1993. SEIRUS has in the past and continues to dedicate enormous resources to the research, development, and marketing of products implementing the '804 PATENT.

55. SEIRUS and DEFENDANT have an actual case or controversy as to the invalidity of the '339 PATENT that is appropriate for adjudication by this Court. To avoid legal uncertainty and to protect its substantial investment, and anticipated future investment, in its business, SEIRUS now brings this declaratory relief action.

56. This is an exceptional case and SEIRUS is entitled to recover from DEFENDANT reasonable attorneys' fees and expenses in bringing this action.

**WHEREFORE,** SEIRUS requests that this Court enter judgment in its favor, and against DEFENDANT as follows:

1. For judgment that DEFENDANT has infringed, contributorily infringed and/or induced the infringement of, at least one claim of the '804 PATENT and/or '690 PATENT;

2. That SEIRUS recover damages against DEFENDANT under 35 U.S.C. § 284 in an amount to be determined at trial or by accounting for the lost profits, but no less than a reasonable royalty, on all sales of each of the infringing products alleged above and any others that are subsequently discovered in the course of this proceeding, plus pre-judgment and post-judgment interest;

3. That the damages awarded pursuant to the preceding paragraph be increased to three times the amount awarded because this is an exceptional case under 35 U.S.C. § 284;

4. That the Court declare this is an exceptional case and SEIRUS be awarded all of its attorneys' fees in connection with this matter under 35 U.S.C. § 285;

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

5. That the Court preliminarily and/or permanently enjoin and restrain DEFENDANT, its officers, agents, servants, employees and those persons in active concert or participation with DEFENDANT, from further acts of infringement for the remaining life of the '804 PATENT and '690 PATENT under 35 U.S.C. § 283;

6. That the Court preliminarily and permanently enjoin DEFENDANT and its employees, servants, agents, affiliates, distributors, dealers, attorneys, successors and/or assigns, and all persons in active concert or participation with DEFENDANT, from manufacturing, using, selling, offering to sell, importing for sale, advertising, displaying, or using any of the ACCUSED TRADE DRESS PRODUCTS, or any products likely to cause confusion, mistake, and deception, or to misappropriate SEIRUS' intellectual property;

7. That the Court award SEIRUS damages for lost profits, loss of goodwill or other damages as appropriate;

8. For judgment that SEIRUS be awarded damages under U.S.C. § 1117 for all of its lost profits, the profits of DEFENDANT, and the costs of this action;

9. That the damages awarded under the preceding paragraph are to be increased to three times the amount awarded under 15 U.S.C. § 1117(b);

10. That DEFENDANT, its officers, agents, servants, employees and those persons in active concert of participation with any of them, be permanently enjoined from further acts of unfair competition in violation of 15 U.S.C. § 1125(a)(1);

11. That the Court direct the destruction of DEFENDANT'S current advertising, promotional and related materials and products, as they relate to such activity in the United States, that bear the SEIRUS PRODUCT TRADE DRESS and/or SEIRUS PACKAGING TRADE DRESS and/or any other confusingly similar trade dress, and DEFENDANT'S current inventory of products pursuant to 15 U.S.C. § 1118 and other applicable laws;

12. That the Court award punitive damages for intentional and willful acts;

13. That the Court award SEIRUS its costs, expenses, and attorneys' fees in this action pursuant to 15 U.S.C. § 1117, 35 U.S.C. § 235, and other applicable laws;

///

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

14. For a declaration that the DEFENDANT'S United States Design Patent No. D566,399 is invalid; and

15. For such other and further relief as the Court deems proper.

Dated: October 13, 2009

GORDON & REES LLP

By: [signature]
Matthew D. Murphey
Kimberly D. Howatt
Marc A. Holmquist
Attorneys for Plaintiff
SEIRUS INNOVATIVE ACCESSORIES, INC.

**Demand for Jury Trial**

Plaintiff SEIRUS hereby demands a jury trial on all issues as to which a jury is available, as provided by Rule 38 the Federal Rules of Civil Procedure.

Dated: October 13, 2009

GORDON & REES LLP

By: [signature]
Matthew D. Murphey
Kimberly D. Howatt
Marc A. Holmquist
Attorneys for Plaintiff
SEIRUS INNOVATIVE ACCESSORIES, INC.

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation

**DEFENDANTS**
BALBOA MANUFACTURING COMPANY, LLC, a California Limited Liability Company

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

09 OCT 14 PM 12:01
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew D. Murphey, SBN: 194111
Marc A. Holmquist, SBN: 258406
Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660
(949) 255-6950

Attorneys (If Known)

'09 CV 2274 JAH WMc

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
15 U.S.C. §§ 1051 *et. seq.* and 35 U.S.C. §§ 271 *et. seq.*,

Brief description of cause: Patent Infringement, Federal Trade Dress Infringement, False Designation of Origin, Unfair Competition and Declaratory Relief for Patent Invalidity

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE
October 13, 2009

SIGNATURE OF ATTORNEY OF RECORD
Marc A. Holmquist

**FOR OFFICE USE ONLY**

RECEIPT # 6249 AMOUNT 350.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

CR MS 10/14/09

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



American LegalNet, Inc.
www.FormsWorkflow.com

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006249
Cashier ID: msweaney
Transaction Date: 10/14/2009
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS

---

CIVIL FILING FEE
For: SEIRUS V BALBOA MANUFACTURING
Case/Party: D-CAS-3-09-CV-002274-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 83210
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00 charged for any returned check.