1   MATTHEW D. MURPHEY (SBN: 194111)
2   LINDSAY J. HULLEY (SBN: 184924)
    GORDON & REES LLP
3   2211 Michelson Drive, Suite 400
    Irvine, California 92612
4   Telephone:  (949) 255-6950
    Facsimile:   (949) 474-2060
5   Email: mmurphey@gordonrees.com
    Email: lhulley@gordonrees.com
6
7   KIMBERLY D. HOWATT (SBN: 196921)
    GORDON & REES LLP
8   101 West Broadway, Suite 1600
    San Diego, California 92101
9   Telephone:  (619) 696-6700
    Facsimile:   (619) 696-7124
10  Email: khowatt@gordonrees.com
11
    Attorneys For Plaintiff,
12  SEIRUS INNOVATIVE ACCESSORIES, INC.

13              UNITED STATES DISTRICT COURT

14            SOUTHERN DISTRICT OF CALIFORNIA

15

16  SEIRUS INNOVATIVE ACCESSORIES,        Case No. 09-CV-2274 JAH (WMc)
    INC., a Utah corporation,
17                          Plaintiff,    **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
18  v.                                    MOTION TO SET ASIDE DEFAULT
                                          (FRCP 55(c))**
19  BALBOA MANUFACTURING COMPANY,
    LLC, a California Limited Liability Company,
20  and SPORTS ACCESSORIES AMERICA,
    INC., a Colorado Corporation,
21                          Defendants.

22  BALBOA MANUFACTURING COMPANY,
    LLC, and SPORTS ACCESSORIES          Judge:      Honorable Marilyn L. Huff
23  AMERICA, INC.,                        Courtroom:  13
                          Counterclaimants,    Date:       July 26, 2010
24  v.                                    Time:       10:30 a.m.

25  SEIRUS INNOVATIVE ACCESSORIES,
    INC., a Utah corporation,
26                          Counterdefendant.

27

28

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

-1-

**Gordon & Rees LLP**
**2211 Michelson Drive**
**Suite 400**
**Irvine, CA 92612**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, Plaintiff and Counter-defendant Seirus Innovative Accessories, Inc., ("Seirus") moves for relief from the entry of default entered against it in the above-entitled proceeding. Seirus seeks relief on the grounds that the default was entered as a result of excusable neglect and an analysis of the equities weighs in favor of setting aside the default. As set forth in its proposed Answer, Seirus has meritorious defenses to all of the claims asserted in the Counterclaims. Further, granting the relief requested will (1) not prejudice the Defendant and counterclaimants Balboa Manufacturing Co., LLC ("Balboa") and Sports Accessories America, Inc. ("SAA") (collectively "Counterclaimants") and (2) allow for resolution of this dispute on the merits of Counterclaimants' proposed claims.

## I.    <u>AUTHORITY FOR MOTION</u>

A trial court has broad discretion and significant procedural flexibility to set aside a clerk's entry of default. *Brady v. United States*, 211 F3d 499, 504 (9th Cir. 2000) ("court's discretion is especially broad when…it is entry of default that is being set aside rather than default judgment."). Rule 55(c) provides that a Court may set aside an entry of default for "good cause" shown. Fed. R. Civ. Proc. 55(c). A showing of good cause is made when a movant demonstrates that the entry of default was a result of "excusable neglect" as set forth in Rule 60(b) of the Federal Rules of Civil Procedure. *TCI Group Life Ins. Plan v. Knoebber,* 244 F3d 691, 696 (9th Cir. 2001); *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.,* 375 F3d 922, 926 (9th Cir. 2004).

## II.    <u>ARGUMENT</u>

**A.    <u>The Entry of Default Occurred As A Result of Excusable Neglect.</u>**

In *Pioneer Inv. Services v. Brunswick Associates,* 507 U.S. 390, 394 (1993), the United States Supreme Court discussed the term "excusable neglect" as used in a variety of statutes and rules, including FRCP 60(b). The Court stated that, "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." In *Briones v. Riviera Hotel & Casino,* 116 F.3d 379 (9th Cir. 1997), the Ninth Circuit specifically adopted the *Pioneer* framework to determine whether

there has been excusable neglect for purposes of Rule 60(b)of the Federal Rules of Civil Procedure:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include, as the Court of Appeals found, the danger of prejudice…the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 381.

Here, Seirus's failure to timely answer the counterclaims was a simple error.  In granting relief from default here, there is no danger of prejudice to the Counterclaimants resulting from a loss of evidence or increased difficulty in prosecuting their claims against Seirus that might have been caused by the passage of time.  Rather, the danger of prejudice lies in *denying* relief.  If the default is not set aside, Seirus is at risk of having judgment entered against it on allegations that it has not had an opportunity to defend.   The attached Answer and Declaration of Andrea K. Douglas set forth evidence that, if proved at a trial on the merits, would be a complete defense to the counterclaims.  Declaration of Andrea K. Douglas ("Douglas Decl.") ¶ 6, Exh. A.

The length of Seirus's delay in bringing this motion is *de minimus*.  Indeed, review of the Court's docket reveals that the Counterclaimant's requested entry of default on Friday, June 25 – a mere three days ago.  Default was entered as of June 28, 2010 – **the same day that Seirus filed the instant motion**.  Seirus filed this motion for relief as soon as possible after learning of the entry of default.  Any delay that has occurred will have little or no effect on these judicial proceedings.  Taking into account all of the relevant circumstances surrounding this proceeding, Seirus's failure to file an answer to the Counterclaims was caused by excusable neglect.

**B.** **An Application of Equitable Principles Weighs In Favor of Relieving Default.**

The general rule is that cases should be decided on their merits and default judgments are disfavored.  *United States v. Distribuidora Batiz CGH, S.A. DE C.V.*, 2009 U.S. Dist. LEXIS 69844, *17 (S.D. Cal. Aug. 10, 2009).  Granting relief from default due to excusable neglect is left to the sound discretion of the district court and should be liberally construed. *Bullock v.*

Gordon & Rees LLP
2211 Micheson Drive
Suite 400
Irvine, CA 92612

1   *Ishimaru*, 2009 U.S. Dist. LEXIS 109729, *2-*3 (S.D. Cal. Nov. 24, 2009), citing *Rodgers v.*

2   *Watt*, 722 F.2d 456, 459-60 (9th Cir. 1983).

3       Here, there are no intervening equities weighing against granting relief.  There is no

4   potential hardship to third parties, nor have Counterclaimants changed their position in reliance

5   upon finality of a judgment.  As such, the Court should exercise its discretion to grant relief from

6   default.

7             **III.**   **CONCLUSION**

8       For the foregoing reasons, Seirus respectfully requests that the Court set aside the Clerk's

9   entry of default and permit Seirus to file an answer to the Counterclaims in this action.

10

11

12   Dated:  June 28, 2010          GORDON & REES LLP

13

14             By: */s/ Matthew D. Murphey*
            Matthew D. Murphey

15               Kimberly D. Howatt
            Lindsay J. Hulley

16               Attorneys for Plaintiff
            SEIRUS INNOVATIVE ACCESSORIES, INC.

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**2211 Michelson Drive**
**Suite 400**
**Irvine, CA 92612**

SRUS/1056015/8109499v.1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM DEFAULT**